# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD WAYNE REAGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.                                                          ) | Case No. CIV-04-1690-T |
| ) | |
| TIM O'DELL, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner, a state prisoner appearing through counsel, filed his "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody" on December 13, 2004. The matter was referred to United States Magistrate Valerie K. Couch for initial proceedings. On July 19, 2005, Judge Couch issued a Report and Recommendation in which she recommended Petitioner's request for habeas relief be denied. On August 8, 2005, Petitioner filed a timely objection to the Report and Recommendation. The matter is at issue.

**A.    Standard of Review**:

The court of appeals' "firm waiver rule" holds "that a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" will avoid application of the firm waiver rule); Nolan v. Martin, 188 F.3d 519, 1999 WL 565681 at *2 (10th Cir. 1999) (a general objection to Magistrate

Judge's Report and Recommendation is insufficient to preserve an issue for further review) (unpublished opinion cited pursuant to Tenth Cir. Rule 36.3).

With respect to objections that are both timely and specific, the Tenth Circuit Court of Appeals has stated:

> Because [petitioner] filed his petition for habeas relief after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply. See Rogers v. Gibson, 173 F.3d 1278, 1282 n. 1 (10th Cir.1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA provides that if a claim is adjudicated on the merits in state court, . . . habeas relief [will be granted] to a petitioner only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).
>
> Under the "contrary to" clause, . . . relief [is granted] only "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). Under the "unreasonable application" clause, relief is provided only "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Thus . . . a habeas writ [may not issue] simply because [the Court] conclude[s] . . . "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.
>
> Conversely, if the state court did not decide a claim on the merits, and the claim is not otherwise procedurally barred, we address the issue *de novo* and the § 2254(d)(1) deference requirement does not apply. See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir.1999).

Gipson v. Jordan, 376 F.3d 1193, 1195-96 (10th Cir. 2004) (parallel citations omitted).

**B.     Analysis of Petitioner's Objection**:

Petitioner set forth objections to three of the four recommendations contained in the Report and Recommendation. Each of the subparts of the Report and Recommendation will be separately addressed.

2

1.  Ground One – Sufficiency of the Evidence:

In his first ground for relief, Petitioner challenged the sufficiency of the evidence to support his conviction for first degree manslaughter. In reviewing this ground for relief, Judge Couch identified the applicable standard as set forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979): "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Judge Couch also noted that the Tenth Circuit Court of Appeals had not determined whether a sufficiency of the evidence claim is reviewed under 28 U.S.C.A. §2254(d)(1) or 28 U.S.C.A. §2254(d)(2). Judge Couch recommended the Court find that under either section of the statute Petitioner's proof fails to warrant habeas relief.

In his objection, Petitioner argues that the Recommendation is erroneous because the evidence introduced at trial fails to prove heat of passion manslaughter and fails to satisfy the element of proximate cause. Petitioner further suggests that the evidence presented at trial "is in equipoise" and, therefore, the Jackson standard is not satisfied. Petitioner does not, however, cite any legal authorities in support of his assertions.

The Tenth Circuit Court of Appeals recently reiterated that a petitioner advancing a sufficiency of the evidence claim under Jackson "faces a high hurdle." Patton v. Mullin, __ F.3d __, 2003 WL 2298757 at *5 (10th Cir. 2005). The court further stated that the test this Court must employ is "whether the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of the Jackson standard. See Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir.2003)." Id.

In this case, it is clear that the Oklahoma Court of Criminal Appeals applied the correct legal standard. See Summary Opinion, Case No. F-2003-40 (Okla. Crim. App. April 7, 2004), Attachment

3

A to "Petitioner's Brief in Support of Habeas Corpus Relief" (Doc. No. 7). In addition, the Court has reviewed the trial testimony and the decision of the Oklahoma Court of Criminal Appeals. Based on that review, and applying the deferential standard mandated by the AEDPA, the Court concludes that Petitioner has failed to demonstrate that the Oklahoma Court of Criminal Appeals unreasonably applied <u>Jackson</u>. Specifically, Petitioner's unsupported assertion that the evidence is in "equipoise" does not negate the Court of Criminal Appeals that a rational jury could have found all the elements of the crim. Thus, the Court rejects Petitioner's first objection to the Report and Recommendation.

       2.     <u>Ground Two – Admissibility of Expert Testimony</u>:

In his second ground for relief, Petitioner argued that the trial court erred when it admitted the expert testimony of Tom Bevel (blood spatter expert) and Detective Ricketts. In reviewing this ground for relief, Judge Couch identified the applicable standard as set forth in <u>Revilla v. Gibson</u>, 283 F.3d 1203, 1212 (10th Cir. 2002): was the admission of the evidence "so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process." Applying that standard, Judge Couch recommended the Court find that Petitioner's proof fails to warrant habeas relief.

In his objection, Petitioner argues that the recommendation should be rejected with respect to the testimony of Mr. Bevel because his testimony was unreliable as it was based, in part, on certain disclosed assumptions about the crime scene.[1] Petitioner does not, however, cite any legal authority in support of his argument.

---

[1] Petitioner's objection does not discuss the recommendation with respect to the admissibility of Det. Ricketts testimony. Therefore, any objection to that portion of the Report and Recommendation is deemed waived. <u>One Parcel of Real Property</u>, 73 F.3d at 1060.

Upon review of Petitioner's objection, the Court notes that Petitioner did not discuss the test set forth in Revilla. Moreover, Petitioner did not demonstrate that the decision of the Court of Criminal Appeals was contrary to or an unreasonable application of Supreme Court precedent. Accordingly, the Court rejects Petitioner's second objection to the Report and Recommendation.

3.      Ground Three – Trial Court's Failure to Disclosure Jury's Safety Concerns:

In his third ground for relief, Petitioner argued that the trial court erred when it failed to contemporaneously notify him of certain concerns expressed by the jurors. Judge Couch recommended the Court find that Petitioner's request for habeas relief on this ground be denied.

In his objection, Petitioner did not discuss this recommendation. Accordingly, the Court finds that Petitioner has waived any objection thereto. One Parcel of Real Property, 73 F.3d at 1060.

4.      Ground Four – Prosecutorial Misconduct:

In his final ground for relief, Petitioner argued that prosecutorial misconduct, considered cumulatively with other trial errors, warrants a new trial or further modification of his sentence. In reviewing this ground for relief, Judge Couch identified the applicable standard as set forth in Fero v. Kirby, 39 F.3d 1462, 1473 (10th Cir. 2002): was there "a violation of the criminal defendant's federal constitutional rights which so infected the trial with unfairness as to make the resulting conviction a denial of due process." Applying that standard, Judge Couch recommended the Court find that Petitioner's proof fails to warrant habeas relief.

In his two sentence objection, Petitioner asserts without explanation that the prosecutorial misconduct was "outcome determinative given the weak nature of the evidence pointing to [his] guilt." He does not, however, cite any legal authority in support of his objection.

5

Upon review of the objection, the Court concludes it is a general objection; it is not sufficiently specific so as to focus the Court's attention on the factual and legal issues that are truly in dispute. Accordingly, the Court finds Defendant has waived any objections to this portion of the Report and Recommendation. Id.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the July 19, 2005, Report and Recommendation in its entirety; OVERRULES Petitioner's August 8, 2005, objection thereto; and DENIES Petitioner's request for habeas relief.

IT IS SO ORDERED this  5th  day of October, 2005.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE